**LANE COUNTY ASSESSOR,**
*Plaintiff,*

*v.*

**Richard A. BRIGGS,**
*Defendant.*

(TC-MD 020593A)

A telephone trial was held June 5, 2002.

Steve Nassett, Lane County Department of Assessment and Taxation, argued the cause for Plaintiff.

Richard A. Briggs, Defendant, argued the cause *pro se*.

Decision for Defendant rendered August 29, 2002.

### SCOT A. SIDERAS, Magistrate.

Lane County has appealed an order of the board of property tax appeals (board). The decision of the board was to lower the assessed value, for the 2001-02 tax year, of property owned by Richard A. Briggs and identified by Account 405215.

Lane County was represented by Steve Nassett, of its staff. Briggs presented his case.

The property at issue is owned by Briggs, subject to an easement granted to the Bureau of Land Management (BLM). Located on the west side of Greenhill Road near its intersection with Royal Avenue in Lane County, the property is about 22.2 acres in area, of which about 18.7 acres are delineated wetlands.

## I. STATEMENT OF FACTS

Management of the west Eugene wetlands is done through Wetland Executive Team, or WET, a partnership between the City of Eugene, the BLM, and The Nature Conservancy. The Statement of Partnership beginning that relationship was signed on March 11, 1994, and continues in effect through this day. A subsequent Memorandum of Agreement, made on June 13, 1995, further delineated the authority of the BLM to act for the City of Eugene and The Nature Conservancy.

On December 29, 1999, Briggs donated a conservation easement to the BLM. As part of this process, a summary appraisal report was commissioned and submitted to the U.S. Department of the Interior, the BLM, and Briggs. That report found the market value of the property, as held in fee simple title, to be $40,000. An allocation of the interests conveyed found the rights embodied in the conservation easement to be worth $38,000. The reserved rights retained by Briggs were estimated at $2,000. The date of the report was April 14, 2000, for a valuation date of the day of the donation, December 29, 1999.

The board, after considering these facts, chose to reduce the real market value of Briggs' property to $2,000.

Through this appeal Lane County seeks to have its value increased to $36,797.

## II. ANALYSIS

■ A conservation easement is a nonpossessory interest of a holder in real property imposing limitations or affirmative obligations on the use of the property. ORS 271.715.[1] Not every entity may qualify as a holder of a conservation easement. Under ORS 271.715(3)(a), a holder may only be:

> "The state or any county, metropolitan service district, city or park and recreation district acting alone or in cooperation with any federal or state agency, public corporation or political subdivision[.]"

■ The court is satisfied that the requirements for a holder of a conservation easement exist in this case. The BLM of the Department of the Interior, a federal agency, holds the easement. The BLM acted in concert, under both a Statement of Partnership and a Memorandum of Agreement, with the City of Eugene in the management of west Eugene wetlands. This degree of accord meets the test for cooperation between a city and a federal agency set out in ORS 271.715(3)(a) in its test for status as a holder.

■ Once the determination is made that an otherwise valid conservation easement exists, with the easement held by a qualifying holder, the action of the board is seen as proper. The rule for the taxation of conservation easements is set out in ORS 271.785. Under that statute the property is assessed on the basis of its real market value, less any reduction in that value caused by the easement. The appraisal information on which the board acted demonstrates that the real market value of the unimpaired property was $40,000, that the value attributable to the easement was $38,000, and that the residual estate held by Briggs was $2,000. That $2,000 was the assessed value ordered by the board.

Lane County makes the point that ORS 307.010 calls for the assessment of the entire interest in the land. As a general rule, this is certainly true. However, ORS 271.785

---

[1] All references to the Oregon Revised Statutes (ORS) are to 1999.

lays out specific provisions applying to the assessment of conservation easements. In the application of that statute some $38,000 is lost to assessment, however, that fact is hardly remarkable. The holders of the easement are, after all, the City of Eugene and the federal government. In a balancing of general rules, it is not lost on the court that the property interests of national and local governments are typically not assessable.

### III. CONCLUSION

Now, therefore,

IT IS THE DECISION OF THIS COURT that the appeal is denied. The March 22, 2002, order of the board of property tax appeals shall remain undisturbed.